

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| JAMIE HATHAWAY, | ) | No. ED103540 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 11SL-CC05012-01 |
| | ) | |
| MICHAEL HALLEY, | ) | Honorable Michael T. Jamison |
| | ) | |
| Respondent. | ) | Filed: October 4, 2016 |

## OPINION

This is a personal injury action arising out of an automobile collision between a vehicle operated by Jamie Hathaway ("Plaintiff") in which his wife, Betsy Federici, was a passenger, and a vehicle operated by Michael Halley ("Defendant") that occurred at the intersection of Highway 141 and Manchester Road in St. Louis County. The case was tried to a jury and a verdict was entered in favor of Plaintiff in the amount of $8,580.00. Plaintiff appeals, raising four points: 1) the trial court erred in admitting certain opinion testimony of Defendant's retained expert, Keith D. Wilkey, M.D., because the opinions were new and had not been disclosed; 2) the trial court erred in allowing evidence that Federici had previously filed and dismissed her lawsuit against Defendant arising out of the same collision; 3) the trial court erred in instructing the jury that the evidence regarding the injuries, medical treatment, and claims of Federici could be considered with respect to the credibility of all witnesses and not just with regard to Federici's

credibility; and 4) the trial court erred in denying Plaintiff's motion for an award of costs as the prevailing party.

As to the first three points, we have reviewed those claims and find that no error of law appears as to those claims. An extended opinion as to those points would have no precedential or jurisprudential value. Therefore, points I through III are affirmed in accordance with Rule 84.16(b).[1] The parties have been provided a memorandum decision on those points.

The trial court's ruling as to point IV, however, goes to the assessment of costs and is in error. Accordingly, we reverse that portion of the judgment and remand to the trial court for proceedings consistent with this opinion.

## Factual and Procedural Background

In February 2010, Plaintiff and Federici were stopped at a red light at the intersection of Highway 141 and Manchester Road when Defendant's vehicle struck the back of Plaintiff's vehicle as both parties were waiting to turn onto Manchester Road. Plaintiff and Federici both filed suit for personal injuries against Defendant, but Federici dismissed her case without prejudice just before the start of trial.

The jury found Plaintiff 25% at fault and Defendant 75% at fault for the collision and assessed damages in the amount of $11,440. After reducing the damages by the 25% fault the jury had assessed to Plaintiff, the trial court awarded Plaintiff $8,580.00 in its judgment. The docket entry next to the judgment states "Judge/Clerk – Note NO TAX."

Plaintiff filed a motion for new trial and a motion for an award of costs. The court denied both motions. This appeal follows.

---

[1] All references to rules are to the Missouri Supreme Court Rules (2016).

**The trial court erred in denying costs to Plaintiff.**

In point IV, Plaintiff contends that the trial court erred in denying Plaintiff's motion for an award of costs as the prevailing party. We agree, and reverse and remand for the trial court to make a determination as to the amount of costs Plaintiff is entitled to recover.

Rule 77.01 provides that in civil actions, the party prevailing shall recover his costs against the other party, unless otherwise provided by the rules or by law. Similarly, section 514.060[2] provides that "[i]n all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law."

Here, the trial court's judgment did not address costs, but a docket entry next to the judgment states "Judge/Clerk – Note NO TAX." Subsequently, Plaintiff filed a motion for an award of costs asking for Plaintiff's filing fee, his summons service fee on Defendant, and the cost of several depositions. The trial court denied Plaintiff's motion. We find this was error as Plaintiff was entitled to recover at least some of his costs as the prevailing party. See Rule 77.01; § 514.060.

We find that the docket entry by the court stating "NO TAX" was an order by the trial court to the circuit clerk to not tax costs. We find this was error and reverse and remand this case for the trial court to consider what costs Plaintiff is entitled to recover.

---

[2] All references to statutes are to RSMo (2000).

## Conclusion

Based on the foregoing reasons, we affirm the trial court's judgment in part and reverse and remand in part. A memorandum discussing the points not covered in this opinion has been furnished to the parties pursuant to Rule 84.16(b).

_____
James M. Dowd, Presiding Judge

Kurt S. Odenwald, J., and
Gary M. Gaertner, Jr., J., concur.